## EUGENE PRIOR v. THE STATE.

### No. 8816.    Delivered March 11, 1925.

**1.—Sale of Intoxicating Liquor—Witness—Impeachment of—Immaterial Issue.**

Where on a trial for the sale of intoxicating liquor state witness fixed the date of the sale on May 1st, appellant having introduced his wife as a wit-

ness in his behalf, it was error to permit the state to prove that she had filed a divorce suit against him on the 29th day of the same month. If such testimony was offered to impeach her, it was upon an immaterial issue, being nearly a month after the alleged sale, and under the facts in this case, being prejudicial to appellant, its admission necessitates a reversal of the case. See Branch Ann. P. C. Sec. 165.

Appeal from the District Court of Shelby County. Tried below before the Hon. Chas L. Brachfield, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* of Center, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE—Appellant was convicted in the district court of Shelby county of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Tinsley testified for the State that about May 1, 1923, he went with Welzie Hughes to appellant's place below Neuville in Shelby county and bought from appellant a quart of whiskey for which he paid him $2.50. The State rested its case upon his testimony.

Appellant, as a witness in his own behalf, denied the sale, also denied his possession of any whiskey at the time, also denied seeing prosecuting witness about his place at said time. On cross-examination he testified, over objection on the part of his counsel, that it was not a fact that he and his wife were separated at the time of the alleged sale on May 1st. Appellant's wife also testified in his behalf that they had no whiskey about their place about May 1st, and that she did not see Tinsley there, and that her brother, E. C. Smith, and Lorenzo Griffith were working for appellant about that time. Appellant also introduced E. C. Smith and Lorenzo Griffith, both of whom testified they were working for appellant about May 1, 1923, and that they did not see Tinsley, and that if there was any whiskey about appellant's premises they were unaware of it. Thereafter and also over objection the State introduced in evidence a petition for divorce, filed May 29, 1923, by appellant's wife against him. The bill of exceptions complaining of the introduction of said petition is qualified by a statement appended thereto by the learned trial judge to the effect that the petition was not permitted to be read to the jury, but was introduced to show the time it was filed as showing that appellant's wife was probably not at home at that time. In his charge to the jury the court restricted their consideration of the petition as affecting the credibility of appellant and his wife as witnesses, if the jury thought it did so.

We are not in accord with appellant in any of his contentions save that the State erred in its introduction of the fact that his wife had sued him for divorce, and its introduction of the divorce petition. No one disputed the testimony of appellant and his wife that they at no time had been separated. They testified that they went to town together on the day that she gave to attorneys the data on which they filed the divorce petition, and that they returned together to their home on the same day. No witness testified directly or by suggestion that they were at any time separated. The purpose of proving a separation between appellant and his wife, in so far as it sheds light on any issue in this case, would be its effect on her testimony that she was at home and on the place on May 1st, the date of the alleged visit of Tinsley to the premises and his purchase of the whiskey. If the State had proof legitimately tending to show that on May 1st the parties were separated, it might be admissible. Does proof that the wife filed a petition for divorce nearly a month after May 1st even remotely tend to prove a separation between her and her husband on May 1st? We confess ourselves unable to see the probative force of proving the date of the filing of the petition as of May 29th.

On the other hand it seems reasonably clear that proof of the fact that a man's wife had sued him for divorce would be apt to have weight in prejudicing the jury against him, and in a case where the question of guilt was on close lines, such prejudicial testimony might turn the scales against the accused. No one testified to the sale of the liquor but Tinsley. The State witness Hughes testified that he went with Tinsley apparently on the occasion in question, but he did not see appellant, nor connect him with the transaction of the purchase of the whiskey. The story of appellant that he did not sell the whiskey or have any whiskey, seems to be corroborated by that of his wife, E. C. Smith and Lorenzo Griffith. In this condition of the record we are unable to conclude that proof erroneously admitted of fact that appellant's wife had sued him for divorce on May 29th might not have greatly prejudiced his cause.

Numerous authorities are collated in Mr. Branch's Ann. P. C. in Sec. 165 sustaining the doctrine that it is erroneous to allow impeachment on immaterial matters.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded*.